LAWRENCE A. JACOBSON SB# 057393
SEAN M. JACOBSON SB# 227241
COHEN AND JACOBSON, LLP
900 Veterans Boulevard, Suite 600
Redwood City, California 94063
Telephone: (650) 261-6280
Facsimile: (650) 368-6221

Attorneys for Debtor
Brilliant Instruments, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 15-50868 ASW |
| BRILLIANT INSTRUMENTS, INC., | Chapter 11 |
| Debtor. | Hearing Information |
| | Date: May 22, 2015<br>Time: 3:00 p.m.<br>Place: Hon. Arthur Weissbrodt<br>280 South First Street, Room 3020<br>San Jose, CA 95113 |
| | <u>Lien Claimant</u>: |
| | 1. Northstar Financial Services LLC |

**MOTION BY DEBTOR BRILLIANT INSTRUMENTS, INC. FOR APPROVAL OF:**

**(1)  BID PROCEDURES RELATED TO THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE OUTSIDE THE ORDINARY COURSE OF BUSINESS;**

**(2)  SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE OUTSIDE THE ORDINARY COURSE OF BUSINESS <u>(SUBJECT TO OVERBIDS AND BREAK-UP FEE AS PROPOSED IN THE BID PROCEDURES</u>);**

**(3)  SALE OF THE ASSETS FREE AND CLEAR OF ANY CLAIMED LIENS AND INTERESTS;**

**(4)  PAYMENT OF BREAKUP FEE TO STALKING HORSE BIDDER IN THE EVENT OF OVERBID; and**

**(5)  WAIVER OF THE HOLDING PERIOD SET FORTH IN FRBP 6004(H)**

TO: ALL PARTIES IN INTEREST, NORTHSTAR FINANCIAL SERVICES LLC, THE OFFICE OF THE UNITED STATES TRUSTEE, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on May 22, 2015, at 3:00 p.m., in the Courtroom of the Hon. Arthur S. Weissbrodt, located in the United States Bankruptcy Court for the Northern District of California, San Jose Division, 280 South First Street, Third Floor, San Jose, CA 95113, Debtor Brilliant Instruments, Inc. will, and hereby does, move the Court for approval of (1) Bid Procedures Related to the Sale of Substantially All Assets of the Estate Outside the Ordinary Course of Business; (2) Sale of Substantially All Assets of the Estate Outside the Ordinary Course of Business (Subject to Overbids and Break-up Fee as Proposed in the Bid Procedures); (3) Sale of the Assets Free and Clear of Any Claimed Liens and Interests; (4) Payment of Breakup Fee to Stalking Horse Bidder in the Event of Overbid; and (5) Waiver of the Holding Period Set Forth in FRBP 6004(h).

**I. SALE TERMS AND PROCEDURES**

Terms of Sale

The Motion seeks to sell substantially all of the Debtor's assets to Carmel Instruments, LLC (the "Purchaser") for the purchase price of $50,000 on an "as is" basis, subject to overbids, if any. The Purchaser will provide a deposit of $5,000, and closing shall occur within two days of Court approval but no later than May 31, 2015.

The assets being sold include Debtor's leasehold interest, intellectual property rights, tangible personal property, rights under contracts (including sales and purchase orders), customer lists, name, phone number, goodwill, and other assets specifically identified in the Asset Purchase and Sale Agreement (the "Purchase Agreement"). The sale excludes certain assets, including cash, accounts receivable, certain causes of action, and documents belonging to the Debtor. The sale likewise excludes liabilities of the Debtor, and the Purchaser will not be responsible for any of Debtor's liabilities.

The assets will be subject to overbids at an auction conducted by the Court at the hearing on the Motion, with the procedures related to the auction set forth below. In the event that the

-1-

Purchaser is not the successful final bidder, the Purchaser shall be entitled to a break-up fee of $5,000 (or such other amount allowed by the Court).

The sale is subject to other customary terms and conditions, and the full terms of the sale are set forth in the Purchase Agreement that is being submitted with the moving papers.

Proposed Bid Procedures

This Motion further requests that the Court approve bid procedures in connection with the sale. Debtor proposes that the sale take place pursuant to the procedures set forth below, or such other procedures as the Court may establish at the hearing.

Debtor proposes the following bid procedures: (1) the Court will conduct an auction of the assets that are the subject of the Purchase Agreement, with the auction to occur at the hearing on this Motion; (2) the auction will take place if any qualified overbidders appear at the auction to present an overbid (requirements for qualification are discussed, *infra*); (3) if there are no qualified overbidders at the time of the auction, the Motion will proceed with respect to the sale to the Purchaser who will be deemed the prevailing bidder in the absence of overbids; (4) in the event that a qualified overbidder appears, the Purchaser shall be the initial bidder based upon the terms of the Purchase Agreement; (5) **any person desiring to submit overbids shall advise counsel for Debtor of such intent no later than 3:00 p.m. on May 20, 2015, i.e, the two business days prior to the auction, and shall also provide a *prima facie* showing of ability to perform the terms of the Purchase Agreement, including and specifically documentation of ability to pay the purchase price in cash (with the Court to ultimately decide – immediately prior to the auction – whether the bidder(s) are qualified)**; (6) any overbids shall incorporate all terms of the Purchase Agreement (or, if modified, such modifications must be approved by the Debtor and the Court); (7) the Court will conduct the auction on the record, with the initial overbid being the sum of $7,500 (representing the $5,000 breakup fee plus an overbid of $2,500); and (8) all subsequent overbids shall be in minimum increments of $2,500.

Breakup Fee

The Purchase Agreement contains a provision for payment of a breakup fee of $5,000 in

the event that the Purchaser is not the prevailing bidder at the auction of the assets. As part of this Motion the Debtor seeks Court approval for payment of the breakup fee in the amount of $5,000, or such other amount as the Court may permit.

### Other Relief

By this Motion Debtor also seeks this Court's authority to sell the assets to the successful purchaser free and clear of any and all liens; and for a waiver of the holding period set forth in FRBP 6004(h).

**II.  GROUNDS FOR RELIEF SOUGHT**

### Sale

The request for authority to sell is based upon the grounds that a sound business purpose exists for proceeding with the sale in order to maximize the value of the assets of the estate; that Debtor has been seeking a purchaser of its assets over a period of many months, and the present purchaser is the only interested buyer; the present cash offer requires closing no later than May 31, 2015; the proposed sale (whether to the Purchaser or a successful qualified overbidder) is in the best interests of the estate.

Debtor believes that the price is adequate and represents the best offer for the purchase of the assets, and that the auction process will provide the opportunity for any potential overbidding that would yield an even higher price (or otherwise best offer).

### Sale Free and Clear of Liens

Debtor submits that the sale free and clear of liens is appropriate because the Purchaser has required that the sale be free of all liens, and the lien claimant, Northstar Financial Services LLC, that holds a lien on Debtor's assets in the amount of $423,000 pursuant to a UCC-1, has approved the terms of sale, provided that its lien attaches to the proceeds. Therefore, a sale free and clear of liens is authorized pursuant to 11 U.S.C. § 363(f).

### Waiver of Holding Period

The waiver of the holding period of FRBP 6004(h) and/or any other applicable holding period, is also appropriate because the Purchase Agreement requires an expeditious closing to occur by May 31, 2015. It is in the best interests of the estate that this sale, whether to the

– 3 –

Purchaser or an overbidder, be consummated promptly in order to assure that the estate realizes the benefit of the sale.

The sale is being fully noticed to all creditors, so any party seeking to present any opposition to any part of this Motion will be afforded the opportunity to present such objections to the Court. As such, there will be no prejudice in waiving the waiting period.

<u>Other</u>

The Motion is based upon this Motion, the accompanying Points and Authorities, the Declaration of Shallom Kattan, the Notice of Hearing, any Reply Brief, the Purchase Agreement, any evidence to be presented at the hearing, upon the arguments of counsel, and upon the records in this Chapter 11 bankruptcy case.

The Motion is made pursuant to 11 U.S.C. §§ 105, 363, 365, FRBP 6004, and upon the authorities cited in the Points and Authorities.

A full set of the moving papers may be obtained by contacting counsel for the Debtor (contact information on the first page of this Motion).

The Motion is being made on 28 days notice and therefore opposition, if any, is due fourteen (14) days prior to the hearing date pursuant to Local Rule 9014-1(c)(1).

Respectfully submitted.

Dated: April 24, 2015                COHEN AND JACOBSON, LLP

By: /s/ Lawrence A. Jacobson
Lawrence A. Jacobson
Attorneys for Debtor

-4-